

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Carl Gilliland
County Attorney
Deaf Smith County
Hereford, Texas

Opinion No. O-7249
Re: (a) Annexation by County School
Trustees of one or more common
school districts to Hereford
ISD under Art. 2922a. (b)
Necessity for election under
Art 2922c to annex above school
districts. (c) Authority of
Hereford ISD to exclude trans-
fers from common school districts.

We are in receipt of your letter of May 20, 1946, in which
you submit the following questions to this department for our
opinion:

"1. Can the County School Trustees annex one
or more Common School Districts to the Hereford
Independent School District under Article 2922a
so long as the Common School Districts are within
Deaf Smith County, Texas, and contiguous to the
Hereford Independent School District?

"2. If the combined area of the Hereford
Independent School District and the contiguous
Common School Districts to be annexed comprise
more than one hundred square miles, would it be
necessary to hold an election as provided in
Article 2922c, and if so, would the combined votes
of the present independent school district with
the votes of the common school district determine
such question of annexation?

"3. In the event the procedure provided in
Article 2922a, is not carried through, and the
procedure as provided in Article 2806 is followed,
and the Common School Districts contiguous to the
Hereford Independent School District did not vote to
consolidate with the Hereford Independent School
District, then, in view of the fact that the
schools in the Hereford Independent School District
are over-crowded, can the Hereford Independent
School District refuse to accept students (a) high

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

-2-

school, (b) grade school, from such Common School
Districts, although they otherwise comply with the law
with reference to such transfers?"

In regard to your first question, it would appear from the
information supplied in the question itself and from your brief
that the County Board of Trustees are seeking to form a Rural
High School District in the manner provided for in article 2922a;
in your second question you mention facts which would also bring such
proceedings under the terms of article 2922c.

Article 2922a (RCS 1925) reads as follows:

"In each organized county in this State and
in any county which shall hereafter be organized,
the county school trustees shall have the authority
to form one or more rural high school districts, by
grouping contiguous common school districts having
less than four hundred scholastic population and
independent school districts having less than two
hundred and fifty scholastic population for the
purpose of establishing and operating rural high
schools, provided also that the county school
trustees may annex one or more common school dis-
tricts or one or more independent school districts
having less than two hundred and fifty scholastic
population to a common school district having four
hundred or more scholastic population or to an in-
dependent district having two hundred and fifty or
more scholastic population upon the approval of the
board of trustees of each school district affected;
. . ." (Emphasis ours)

As stated in our opinion No. O-8001, under the above-
quoted statutory provisions, there are two methods by which
rural high school districts may be formed:

"1.  By grouping contiguous common school
districts (having less than four hundred scholas-
tic population) and independent districts having
a scholastic population each of less than two
hundred fifty scholastics;

"2.  Subject to approval of the Board of
Trustees of each district affected, by annexation
of one or more common school districts or one or
more Independent School Districts having less than
two hundred fifty scholastics to a common school
district having more than four hundred scholastics
or by annexation of such districts to an independ-
ent school district having a scholastic population

-3-

in excess of two hundred fifty;  Bell vs. Kirkland
41 S. W. (2d) 443 (Tex. Civ. App. error refused)."

From the statements contained in your brief it would appear
that the County Board of School Trustees of Deaf Smith County
in the establishment of a rural high school district are planning
to exercise the second of the above described powers; viz., that
of annexing several contiguous common school districts to an
independent school district in the same county to form a rural
high school district. However, it appears that the proposed dis-
trict will, if created, contain a greater area than one hundred
square miles; in such case, the controlling statute is Article
2922c, which reads as follows:

"No rural high school district, as provided for herein,
shall contain a greater area than one hundred square miles, or
more than seven elementary school districts, except that the
county board of school trustees may form rural high
school districts, as provided in Article 2922a,
containing more than one hundred square miles upon a vote of a
majority of the qualified electors in the said proposed rural
high school district voting at an election called for such pur-
pose; and provided further, that the said board of county
school trustees may form a rural high school district contain-
ing more than seven elementary districts upon a vote of a
majority of the qualified voters in each of the elementary
districts within such proposed rural high school district."

In our opinion no. O-268, it is stated:

"The approval of trustees of districts affected in
annexing districts to form a rural high school district is
not necessary where an election is required and held under
provision of article 2922c (Cox v. Beard 87 S. W. (2) 883.)

"Therefore, we hold that where the district is located
wholly within one county and the area of the proposed district
is more than one hundred square miles, and not more than seven
school districts are involved, that the county school trustees
of the particular county may call an election for the purpose
of forming a rural high school district of more than one hun-
dred square miles, and not to exceed seven elementary districts
without the consent of the trustees of the nuclear districts
involved; and if a majority of all of the electors voting at
the election held for that purpose, and the whole of the ter-
ritory involved, vote in favor of such formation of a rural high
school district, it is the duty of the county school trustees
to so organize the same."

We believe the above quoted statutes and opinion fully
answer your first two questions.  The cases cited by you in your

-4-

brief sustain this answer.

Our opinion No. O-4238, to which you refer, dealt with a transfer of territory from one rural high school district to another ISD and not with the forming of a rural high school district in the first instance, as anticipated by your question; therefore opinion O-4238 is in no way applicable to your question.

In regard to your third question there appears to be a misunderstanding in regard to the application of article 2806 (RCS 1925 amended 49th Legislature 1945). As stated in the case of Doherty v King (Civ. App.) 183 S. W. (2) 1004, error dismissed, "Article 2922aa, authorizing consolidation of rural high school districts and common school districts, and this article (2806) governing elections to consolidate, must be construed together." Article 2922 aa and article 2806 are concerned with the consolidation of school districts, including rural high school districts already formed under the provisions of article 2922 a, and would therefore not be applicable to the situation as presented in your questions and the brief submitted in connection therewith. See our opinion No. O-2994, a copy of which is attached.

The second part of your 3rd question; viz., as to whether, in event the annexation of the contiguous common school districts to the Hereford ISD does not take place, whether the Hereford ISD can refuse to accept students from such common school districts, although they otherwise comply with the law with reference to such transfers, we refer you to articles 2678a, 2922L(1), 2695, and 2696, (RCS 1925.) In the case of Love v City of Dallas, (Sup Ct) 40 S. W. (2) 20, in an exhaustive treatment of the transfer statutes of this state, the court held:

"Since the constitution does not permit the taxation of the people of a school district for the support of that district, except upon a vote of the peoples of the district, it is not debatable that the Legislature cannot compel one district to use the funds and properties for the education of scholastics from another district, without just compensation. However, in view of the long operation of the transfer statutes, we believe that where a school district has facilities and teachers in excess of those necessary for its own scholastics, the state has the right to require it to accept transfers from another district, but only upon the payment of reasonable compensation therefor. The Legislature, however, is without powers to compel any district to provide additional facilities, teachers, etc., for the education of scholastics from another district." . . . . . Under our interpretation of the act (article 2678a) in connection with the transfer statutes a sound discretion is left to the local school

-5-

boards to determine whether or not, in view of all the circumstances surrounding their districts, the admission of non-resident scholastics will be pre-judicial to the scholastics of their districts and whether or not the statutory fee would be compensatory . . . . This discretion to be exercised by the local boards will not be disturbed by the courts except in cases of manifest abuse."

Under authority of the above cited case, it is our opinion that the Board of Trustees of the Hereford Independent School District has the power to refuse transfer of scholastics from other districts if such transfers are prejudicial to the scholastics of Hereford ISD due to the lack of facilities in such district.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          (Signed)
Wm. Blanton, Jr.
Assistant

WB:JS

ENCLOSURE

APPROVED JUN 10 1946

(Burton)
(Acting) ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN